**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE DERIO VILLALOBOS, a.k.a. Jose Eber Villalobos, a.k.a. Jose Derio Villalobos Moreira, | No. 10-71361 |
| Petitioner, | Agency No. A094-305-841 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 18, 2013[**]

Before:     TALLMAN, M. SMITH, and HURWITZ, Circuit Judges.

Jose Derio Villalobos, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review Villalobos' challenges to the IJ's denial of asylum and CAT relief, because, as noted by the BIA, he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Abebe v. Gonzales*, 432 F.3d 1037, 1040 & n.4 (9th Cir. 2005) (en banc) (BIA may limit the scope of its adoption of the IJ's decision).

Villalobos testified guerrillas threatened him on account of his past military service, but never physically harmed him. Villalobos claims he now fears harm from guerrillas and gangs in El Salvador based on his past military service. Substantial evidence supports agency's determination that Villalobos did not suffer harm rising to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (unfulfilled threats, without more, generally do not constitute past persecution). Substantial evidence also supports the agency's determination that Villalobos failed to establish a clear probability of future persecution on account of a protected ground. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003)

(possibility of future persecution too speculative); *see also Zetino v. Holder*, 622 F.3d 1007, 1015 (9th Cir. 2010) ("The REAL ID Act of 2005 places an additional burden on [petitioner] to demonstrate that one of the five protected grounds will be at least one central reason for his persecution."). Accordingly, Villalobos' withholding of removal claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**